# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv125

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. James and Jane Lindsey, and Jasmine M. by and through her guardian ad litem, <br><br> Plaintiffs, <br><br> Vs. <br><br> EASTER SEALS UCP NORTH CAROLINA, INC.; and THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF MEDICAL ASSISTANCE AND DIVISION OF MENTAL HEALTH, DEVELOPMENTAL DISABILITIES AND SUBSTANCE ABUSE SERVICES, <br><br> Defendants. | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court upon defendant Easter Seals UCP North Carolina, Inc.'s Motion to Dismiss (#27), plaintiffs' Response (#36), and defendant's Reply (#40). The court appreciates the fine manner in which respective counsel have timely and succinctly briefed this issue. The court notes that plaintiff's Response contains a Motion to Amend, which is not noted on the docket inasmuch as it was not set forth in a separate pleading. In disposing of the Motion to Dismiss, the undersigned will also dispose of the Motion to Amend. Having carefully considered defendant Easter Seals UCP North Carolina, Inc.'s Motion to Dismiss and reviewed the pleadings, the court enters the following findings, conclusions, and

1

Recommendation.

## FINDINGS AND CONCLUSIONS

**I.  Nature of the Action**

In the Amended Complaint, James and Jane Lindsey and Jasmine M., by and through her guardian *ad litem*, Clifford C. Marshall, Jr., Esq., seek relief on behalf of the United States of America under the False Claims Act, 31, United States Code, Sections 3729-3733, against defendant Easter Seals among others.[1] It is undisputed

---

[1] Plaintiff have purportedly taken dismissals as to all defendants other than Easter Seals under Rule 41.  These dismissals may well be ineffective under the reasoning of the district court.  Specifically, the district court held in Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000):

> Rule 41 . . . speaks only to the dismissal of "actions."  Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . .  Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15.  "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d*, § 41,21[2] (citing Skinner v. First Am. Bank of Virginia, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id.  The decision in Gahagan is, respectfully, wholly consistent with Rule 41(a)(1), which speaks only to dismissal of actions, not claims and not defendants.  This court certainly has no problem with plaintiffs and all defendants dismissing this action; however, Rule 41(a)(1) is not the tool for winnowing away at claims that might no longer be meritorious and parties with whom settlement is reached.  By requiring amendment of the Amended Complaint to reflect active claims and active defendants, the court as well as the public can remain aware of the charges plaintiff is making.  Further, the Amended Complaint, if read to jury, must accurately reflect the claims and the parties in order to avoid confusion.

**2**

that Easter Seals provides services to individuals with physical and developmental disabilities through the Community Alternatives Program for Persons with Mental Retardation/Developmental Disabilities ("the Program"). Amended Compl., at ¶ 8.

Jasmine M. is just such a person, and received services through Easter Seals. As alleged by plaintiffs, the majority of the services provided to Jasmine M. were provided by her foster parents, Mr. and Mrs. Lindsey, through a contract with Easter Seals. Amended Compl., at ¶ 11. In addition to the care provided by the Lindseys and paid for through Easter Seals, the defendant also provided employees chosen by the Lindseys to perform personal care, home and community support, and respite care for Jasmine M. Amended Compl., at ¶ 12.

In support of their claim that Easter Seals has made false claims to the United States of America, plaintiffs allege that "from July 1998 to the present, . . . [Easter Seals] has knowingly presented or caused to be presented false claims for payment for services rendered on behalf of Jasmine M. and other Program clients." Amended Compl., at ¶ 12. As sub-contentions to such allegation, plaintiffs then make the following three allegations:

(1) first, the Amended Complaint appears to allege that certain "documented" periods of supervision of Easter Seals' employees who provided services did not occur as represented (Amended Compl., at ¶ 12(a)(i)–(ii));

(2) second, the Amended Complaint alleges that certain Medicaid requirements regarding training and record keeping were not met.

3

(Amended Compl., at ¶ 12(a)(iii)–(vi)); and

(3) third, the Amended Complaint generally alleges that other false claims were made regarding unspecified services to unnamed individual clients (Amended Compl., at ¶ 12(e)–(i)).

Hereinafter, the court will refer to these claims as contentions one through three, respectively.

## II. The Motion to Dismiss

Defendant moves under Rule 12(b)(6) and Rule 9(b), Federal Rules of Civil Procedure, to dismiss the Amended Complaint, arguing that plaintiff has failed to plead with the specificity and particularity required when alleging a false claim.

As to contention one, defendant argues that plaintiffs have improperly failed to allege who "documented" the supervision, who "represented" the supervision, or to whom these "representations" were made, and that the Amended Complaint summarily concludes that "any records to the contrary have been falsified." Amended Compl., at ¶ 12(a)(i)–(ii). Defendant points out that the Amended Complaint fails to allege affirmatively that any records were in fact created or falsified, details it considers to be particularly important to pleading a False Claims Act violation because supervision is not a service that is billed to the government. Defendant further contends that because such services are not billed to the government, records regarding supervision would not have been provided to the government as a condition for payment, making it less than obvious what fraudulent claims were submitted by defendant to the government.

4

As to contention two, defendant argues that the Amended Complaint does not allege what, if any, reimbursements were sought or received from the federal government based on these alleged requirements, what or when any representations were made to the government regarding compliance with these requirements, or even who made or submitted false statements or invoices to the government relating to the training and record keeping. Defendant argues that rather than provide these specifics, the Amended Complaint, without alleging any supporting facts, concludes "that any records to the contrary have been falsified." As with its concerns as to the first contention, the defendant contends that the Amended Complaint fails to allege affirmatively that any records were even created or falsified, which defendant submits are particularly important to this claim because it does not ordinarily submit training records for payment to the government.

As to contention three, defendant argues that the Amended Complaint contains no factual allegations regarding the nature of the services, the date they were provided (or not provided), what if any reimbursement was sought, what representations were made or in what way the representations were false or fraudulent. Defendant contrasts such lack of detail and failure to allege supporting facts with plaintiffs claim which seeks over $10,000,000.00 in damages.

## III.  Applicable Standards

### A.  Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. <u>Neitzke</u>

v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under Twombly, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s,

LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motions, the court has accepted as true the facts alleged by plaintiff in the Amended Complaint and will view them in a light most favorable to plaintiffs.

### B. Rule 9(b) Standard

When pleading fraud, the notice pleading requirements are inapplicable and special rules of pleading come into play. Rule 9(b), Federal Rules of Civil Procedure, provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition[s] of mind of a person may be averred generally.

The specificity required in claiming fraud is an exception to the provisions of notice pleading found in Rules 8(a),(e), and (f), Federal Rules of Civil Procedure. See also N.C. Gen. Stat. Chapter 1A-1, Rule 8. The general rule that pleadings are to be given liberal construction does not apply to claims of fraud. Rosenthal v. Perkins, 42 N.C. App. 449 (1979).

Because review is limited to the face of the pleadings and accompanying attachments, factual support outside of the record may not be considered and is treated as if it does not exist. A plaintiff must be particular as to the facts upon which its claim of fraud arises. Hoyle v. Bagby, 253 N.C. 778 (1961). An allegation which merely states that the acts specified constituted fraud is conclusory. Patuxent Development Co. v. Bearden, 227 N.C. 124 (1947). Conclusory allegations of fraud are insufficient to meet the requirement of particularity. Smith v. Central Soya of Athens, Inc., 604 F. Supp. 518 (1985). The issue becomes whether proof of the facts as alleged in the Amended Complaint would entitle the plaintiff to relief. Brooks Equipment & Mfg. Co. v. Taylor, 230 N.C. 680 (1949). Reliance on discovery to support a claim of fraud is inappropriate. "A plaintiff must know about what he is complaining before he files [a] suit [claiming fraud]." McFarland v. Memorex Corp., 493 F. Supp. 631, 656 (N.D. Cal. 1980). The district court's opinion in McFarland dovetails with the requirement of Rule 9(b) that "the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b), Fed. R. Civ. P. To allow otherwise would be to encourage actions for fraud based on "information and belief" rather than hard facts and firsthand knowledge.

**IV.   Discussion**

   **A.   Summary of Arguments**

Plaintiffs argue that while Rule 9(b) is applicable to their Amended Complaint, reviewing courts have relaxed the pleading requirements of Rule 9(b) in *qui tam* actions based on the complex or extensive schemes of fraud. Response, at 6. Further,

plaintiffs argue that where the fraudulent scheme has occurred over a prolonged period of time, courts have found it impractical to require the plaintiff to plead the specifics as to each and every instance of fraudulent conduct. Id. Plaintiffs further argue that they have records of over 3,000 bills submitted in the past seven years by defendant to the United States of America for the care of Jasmine M. They contend that these bills for services rendered involved employees who did not meet the minimum training and supervision requirements.

In reply, defendant argues that plaintiffs' argument points to the problem inasmuch as the plaintiffs' response fails to identify any specific document that was fraudulently submitted to the United States of America for payment. Reply, at 2. Further, defendant points out that plaintiffs have utterly failed to support or argue in support of their contention that any person other than Jasmine M. was provided inadequate services. Defendant argues that this method of pleading fails to place them on notice of what conduct plaintiffs contend was fraudulent.

B. **Inadequacy of Pleading**

In trying to comprehend plaintiffs' claims asserted on behalf of the United States of America, as well as the defendant's right to know the particulars of what it is it has allegedly done wrong, the court has thought of the situation in which a bank customer contends that bank has improperly paid checks that the customer did not write. Plaintiffs' method of pleading and argument is the equivalent of that bank customer going to the bank with three thousand cancelled checks and telling the bank manager that the bank has improperly paid checks that were fraudulently drawn.

9

When the bank manager asks, which ones, rather than pointing to specific checks, the bank customer hands over the box and says "you figure it out."

While the court agrees with the plaintiffs that courts give some leeway in complex schemes of fraud, it is not readily apparent from a cold reading of the allegations contained in the Amended Complaint that defendant has engaged in any fraud. At a minimum, plaintiffs should have pointed to at last some specific billings that contained some false claim. In going to the trouble to bring this action, the court has assumed that counsel for plaintiffs have reviewed each and every bill and noted how they believe such constitutes a false claim. Ideally, plaintiffs would have Bates stamped each bill, grouped the bills by the nature of the alleged fraud, and alleged in the Amended Complaint - - perhaps through a spread sheet - - the nature of the alleged false claim, who made it, and what knowledge defendant had of the falsity.

At some point in this case, someone is simply going to have to sit down and review each and every bill to determine what, if any, wrongdoing is evident in each claim or billing. In the first instance, that duty falls to plaintiffs to make such determination, and crystalize that thought in the form of an allegation that meets the standards of Rule 9(b). Absent such work and work product, the undersigned will (if not remedied)recommend to the district court that this case go no further.

**C.     Alternatives to Dismissal**

While the pleadings make evident that plaintiffs firmly believe that their pleading is sufficient to go to trial on, and defendant believes that it is not, both parties in their respective briefs contemplate requiring plaintiffs to file a Second

Amended Complaint.

The undersigned believes this may well be the most appropriate course of action, with one exception. In responding to the Motion to Dismiss, plaintiffs failed to argue in response to defendant's Motion to Dismiss as to any claims regarding false claims made as to defendant's clients other than Jasmine M. Reading the pleadings in a light most favorable to plaintiffs, it appears that the only bills they are in possession of are those submitted on behalf of Jasmine M. As discussed above, "a plaintiff must know about what he is complaining before he files [a] suit [claiming fraud]." McFarland, supra. To that end, the undersigned will recommend that any claims asserted by plaintiffs for false claims as they may relate to other clients of defendant be dismissed without prejudice, and that plaintiffs be allowed to file their Second Amended Complaint within 30 days containing specific allegations as to the false claims allegedly made by this defendant in regards to Jasmine M.'s care.

**D.     Conclusion**

Finally, the court knows that this is a troubling case for all concerned. The following observations are only that, and have had no role in the above recommendations, which were made strictly from a review of the pleadings and applicable case law.

While now packaged as a claim under the False Claims Act, it would appear that the actual harm of which plaintiffs' complaint is not centered on harm to the United States Treasury, but on harm that has allegedly befallen Jasmine M. - - a person about whom the plaintiffs, their counsel, and the guardian ad litem genuinely

care. It would appear from the pleadings that it is plaintiffs' contention that jasmine M. has been made to suffer unnecessarily through exposure to allegedly unscreened or inadequately trained healthcare workers. These workers supposedly passed on diseases to Jasmine M. who already had a compromised immune system, a fact which plaintiffs contend defendant knew or should have known.

Rather than assert claims for negligent care, negligent hiring, negligent supervision, and perhaps negligent infliction of emotional distress, plaintiffs are attempting to remedy such concerns through the False Claims Act. While an action under the False Claims Act may be more appealing if successful, the burdens of pleading, prosecuting, and proving a False Claims Act case are immense when compare to the burdens of pursuing common law negligence claims. Such difficulties are clearly outlined in the pleadings submitted on the pending motions. In addition, plaintiffs are not herein pursuing their own claim, but are attempting to pursue a claim that belongs to the United States of America, which has declined intervention.

While the undersigned would not undertake to advise any attorney how to practice law, it might be worthwhile for all counsel to step back and consider the nature of the harm, the cause of that harm, the effectiveness of a given remedy to resolve that harm, and the resources at the disposal of the party to prove that type of case and the likelihood of success. Likewise, if a negligence action was pursued, it would be worthwhile for defendant to seriously contemplate any institutional changes that may be necessary to protect clients with compromised immune systems, as well as recompense that may be equitable to help Jasmine M. and her foster family cope

with the aftermath of any alleged oversight.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that

(1) defendant Easter Seals UCP North Carolina, Inc.'s Motion to Dismiss (#27) be **ALLOWED** without prejudice as to any claim that defendants have submitted false claims as to clients other than Jasmine M., and that such motion be otherwise **DENIED** without prejudice; and

(2) plaintiffs' alternative Motion for Leave to File a Second Amended Complaint be **ALLOWED**, and that plaintiffs be given 30 days from the district court's disposition of these motions and this recommendation within which to file an amended pleading that complies with the pleading requirements of Rule 9(b) by making specific allegations as to which of the 3000 billings contain false claims and the nature of the false claims therein contained.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United

States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: October 4, 2007

Dennis L. Howell
United States Magistrate Judge